State ex rel. Duffel vs. Marks.

No. 6681.

STATE EX REL. FRED. DUFFEL, DISTRICT ATTORNEY PRO TEM., ET AL. VS.
MORRIS MARKS.

The real issue between the parties to a suit, which has been formally passed on by
the lower Court, will not be considered on a motion to dismiss the appeal. It
must be referred for decision to the trial of the case on the merits.

The filing of the transcript of appeal in the Supreme Court, (in a case wherein a con-
test for office is involved,) *nine* days after the judgment in the case was signed by
the lower Court, is within the legal delay.

No acquiescence in the judgment of the lower Court made by one of the appellants,
or his attorney, can prejudice the right of appeal of another appellant, who was
not a party to the act of acquiescence,

Any interested person may bring up the record of an appeal from the lower Court,
and deposit it in the hands of the clerk of the Supreme Court.

APPEAL from the Fourth Judicial District Court, parish of Ascension.
*Maker*, J.

*T. C. Egan*, Assistant Attorney General. *Frederick Duffel*, District
Attorney *pro tem.*, et al. for plaintiffs and appellants.

*J. D. Augustin, Gus. A. Breaux*, et al. for defendant.

ON MOTION TO DISMISS.

The opinion of the court was delivered by

DEBLANC, J.   In his official capacity as District Attorney *pro tempore*,
Frederick Duffel filed, in the District Court for the parish of Ascension,
on the relation of Othello J. Flagg, a petition in which he alleges—in sub-
stance—that Morris Marks who claims to have been elected and commis-
sioned as Judge of the Fourth District of the State, did not—when
elected—possess the qualifications required by the Constitution of
Louisiana to hold said office, and that said Flagg, who—previous to
and at the date of defendant's election, was discharging the duties of
that position, is alone authorized to act in that capacity, until a qualified
successor shall legally be inducted into that office.

The relation concludes with the prayer that Morris Marks be
restrained and prohibited from assuming and usurping the functions and
prerogatives of the office of Judge of the Fourth District of this State.
On the ninth of December 1876, the injunction thus applied for was granted
by the parish judge of Ascension, and soon after—on motion of the dis-
trict attorney—"said injunction and all the proceedings had or orders
therein issued were discontinued, reserving what—in said entry—is
termed the main action. Defendant then filed his exceptions and
answer, and—on application of his counsel—the exceptions and the
merits were cumulated.

State ex rel. Duffel vs. Marks.

This done, the case was fixed and tried, the relator's action dismissed, and defendant recognized as the Judge of the Fourth District. From the decree dismissing that action, the State—through the district attorney, and Flagg—through his counsel—have appealed to this Court. In his petition to that effect, the district attorney avers that the State is injured and aggrieved by the judgment referred to, and here we transcribe his own words, "*excepting that portion rendered in the matter of the relator, O. J. Flagg, which is acquiesced in by said State.*"

Defendant urges a dismissal of this appeal, on the grounds:

First—That the transcript was not filed in this Court within ten days after the rendition of the judgment.

Second—That, on the face of the record, Flagg is without interest to prosecute this appeal.

Third—That the State has acquiesced in the judgment.

Fourth—That he, defendant, has not been properly cited to appear in this Court.

The last ground is not discussed in appellee's brief, and—we infer from his silence—has been abandoned by him. The second ground constitutes the main, the real issue of this litigation; it presents the question passed upon and decided by the lower court: is Morris Marks a judge and the successor of O. J. Flagg? That question belongs to and must be tried with the merits.

The first ground is untenable. The judgment appealed from was signed on the seventeenth of May, and, nine days after, on the twenty-sixth of that month, the transcript was filed in this Court. We are told that it was so filed at the request of Flagg—and that, inasmuch as he is without interest in this litigation, this act goes for naught and can not inure to the benefit of the State. The frivolity of that strange pretension might be surpassed, but by exclusively the iniquity of its sanction.

The transcript herein referred to was brought to the city and delivered to the Clerk of this Court, not by Flagg, but by another party, under the express instructions of the parish attorney of Ascension. This is shown by two affidavits. Were it, however, as contended by defendant's counsel, what difference would it have made, if instead of having been deposited by a State officer, that transcript had been deposited by Flagg?

Had the district attorney openly refused to bring or send the transcript—had it become evident that, though placed in his hands, that transcript would not have been filed at all, or not filed within the delay prescribed by law, can it be doubted that, under the presumed circumstances, any interested party would have been authorized to procure, carry and file the transcript, in order to protect—against either the dereliction or negligence of an officer, a constitutional right, the right of

appeal? If so, in cases similar to this, that privilege could be exercised but with the leave and consent of the State Attorney.

The district attorney, it is urged, has—in the name of the State—acquiesced in the judgment appealed from. In so doing, as in arbitrarily dismissing a fraction of the action, he has transcended his powers, and his unlawful course can in no way prejudice the principal appellant in this case.

It may be that Flagg has ceased to be, and that defendant is now the Judge of the Fourth District. If so we find, so we shall hold. To ascertain that fact, to decide whether justice has or has not been done, it is our plain duty to retain, open and consult a transcript, the filing of which we consider as legal, and not liable to any serious objection.

The motion to dismiss is overruled.

## ON THE MERITS.

MANNING, C. J. The transcript in this case is identical with that in No. 6682, and appears to have been filed to guard against an apprehended motion to dismiss the other appeal.

For the reasons set forth at length in that suit, it is ordered and decreed that the same judgment be entered in this case as was rendered in No. 6682.