Statement.
MONROE, J.
This suit, against the principal and sureties on an injunction bond to recover damages for the alleged wrongful issuance of the writ, was met by an exception “of prematurity, and that there is no final judgment herein, concurred in by two appellate judges, and there is no final judgment, and the further exception of no cause of action.”
The district court maintained “said exception,” and plaintiff has appealed. The petition abundantly alleges damage resulting from the issuance of the injunction, and also alleges that the writ was dissolved by the district court, and that the judgment to that ■effect was affirmed by the Court of Appeal. The question is whether the allegation last mentioned has been sustained by the proof, since it is evident that an action to recover damages for the wrongful issuance of a writ cannot be maintained so long as the writ is maintained by a suspensive appeal from a judgment setting it aside. The record shows that, on the trial of the exception, there was offered in evidence, on behalf of the exceptor, and to prove rem ipsam, a document, marked “A,” purporting to be an opinion and decree, “done and signed at chambers,” by the Honorable Charles V. Porter, one of the judges of the Court of Appeal, affirming the judgment by which the injunction in question had been dissolved, which document bears the title of the suit and the indorsement:
“No. —. Court of Appeal for the Parish of Bienville, La. J. W. Goodwin et al. v. S. S. Thomas. Opinion. Piled Nov. 8, 1906. [Signed] A, L. Crowson, Clk., Ex Officio Clk. Court of Appeal.”
Defendant in exception offered:
“That part of the minutes of the Court of Appeal showing the opening of the court Wednesday, November 7, 1906, and Thursday, November 8, 1906, and so much of the minutes as relates to the case of J. W. Goodwin -et al. v. S. S. Thomas, with leave to substitute a certified copy, in case of an appeal.”
To this the exceptor objected, for the reason that the document offered is not signed by a member of the Court of Appeal, and the minutes are not authentic, and are not admissible in evidence until they are signed by a member of the Court of Appeal. And the evidence was admitted subject to the objection. Exceptor then offered “to prove rem ipsam all the minutes” that appear on docket book, in case entitled J. W. Goodwin et al. v. S. S. Thomas, to the conclusion of the entries made in said book; “same filed by reference, with leave to make, and substitute, certified copy.”
The minute entries were not included in the original transcript filed in this court, and are embodied in a certificate prepared by the clerk of the district court, which bear the title and number in that court of the present suit, and proceeds, as follows, to wit:
“Wednesday, Nov. 7th, 1906.
“The honorable Court of Appeal was opened by W. R. Pullin, sheriff, with their honors, Chas. Y. Porter and W. P. Edwards, presiding, and W. J. Murphy, Dy. Clk., present, and the following proceedings had:
*507 “Thursday, Nov. 8, 1906.
“Court met pursuant to adjournment and was opened by W. R. Pullin, sheriff, W. J. Murphy, ex officio Cik. C. C. A., being present. “No. 208. J. W. Goodwin et al. v. S. S. Thomas.
“Judgment of district court affirmed.
“State of Louisiana, Parish of Bienville.
“I do hereby certify that the foregoing is a true and correct copy of the offering in evidence, inadvertently omitted from the original transcript, in the case of S. S. Thomas v. J. W. Goodwin et al.
“Given under my official signature and seal of office, this April 24, 1907.
“[Signed] A. L. Crowson,
“Clerk Third District Court of La.”
And. there is affixed a seal, which, in addition to the emblem and motto of the state, bears the legend:
“Seal of the Clerk of the parish of Bienville.”
So far as appears, therefore, all that was presented to the district court as showing that the judgment dissolving the injunction had been affirmed by the Court of Appeal was the opinion and decree, purporting to have been prepared and signed by one of the judges of that court, in chambers, and thereafter filed by the clerk, and certain recitals, purporting, but not shown, to be excerpts from the minutes of the court. No evidence appears to have been introduced to meet the objection that “there is nothing to show that it is the minutes of the Court of Appeal,” and the fact is, as thus stated, that there is nothing to show where the “offering” referred to in the certificate came from. In other words, defendant in exception offered what his counsel asserted, or assumed, to be an excerpt from the minutes of the Court of Appeal, which does not appear to have been certified by any one at any time to be what it purports to be; the certificate above recited showing merely that the document certified to by the clerk of the district court is a correct copy of the “offering,” or document, offered in that court. It is clear, therefore, that the only admissible and legal evidence presented to the district court as tending to show that its judgment dissolving the injunction in question had been affirmed by the Court of Appeal is the opinion and decree, purporting to have been prepared and signed in chambers by one of the judges of the Court of Appeal, and filed by the clerk of the court.
Opinion.
Article 102 of the Constitution provides that:
“No judgment shall be rendered by the Courts of Appeal without the concurrence of two judges”
■ — from which it follows that evidence to the effect that an opinion and decree have been prepared and signed by one judge, and filed by the clerk, falls short of proving that a judgment has been rendered. The Code of Practice is divided into parts 1 and 2. Part 1, under one “title” and six chapters, declares what an action is, divides actions into classes, establishes rules applicable to particular actions, and regulates the form and manner in which, and the person by and against whom, actions may he brought.
“Part 2, containing rules to be observed in the prosecution of civil actions,” is divided into titles 1, 2, 3, and 4.
Under title 1 (embracing the articles from 124 to 873,. inclusive), the lawmaker establishes the rules governing “proceedings to be observed in the prosecution of actions before courts of original jurisdiction,” and declares that (article 124) “the rules of proceeding contained in the present title relate only to the district and parish courts of the state when in the exercise of their ordinary jurisdiction. Special rules are hereafter established for courts of probate and justices of the peace.” Under “title 2” (embracing the articles from 874 to 920, inclusive), the rules governing proceedings in the Supreme Court are established. “Title 3” relates to proceedings in courts of probate, and “title 4,” to proceedings before justices of the peace. There were no Courts of Appeal (as now existing) when the Code *509 of Practice was adopted; and henee the Code does not refer to them; hut its provisions relating to the Supreme Court are applied to Courts of Appeal by the Constitution, which provides that (article 104):
“The rules of practice regulating appeals to, and proceedings in, the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal, so far as they may be applicable, until otherwise provided.” .
The rules (established under title 1) regulating the proceedings in the district and parish courts require (article 543) that all judgments must be read by the judge, in open court; that (article 544) whether' interlocutory or final, they must be correctly entered on the records, with the date of the day upon which they are rendered; that (article 546) “the judge must sign all definitive, or final, judgments,” etc. It is further provided, under the title in question, that (article 775; “the clerks shall keep at least two record books”; that (article 776) in one “they shall set down, in order, the titles of all causes pending before the court, mentioning the date of filing the petitions or answers and the names of the counsel employed by the parties”; and that (article 777) “in the other, they shall set down all the orders and judgments rendered, as well as the motions made by the parties or their counsel.” Beyond this, by section 474 of the. Bevised Statutes, as amended and reenacted by Act No. 17, p. 42, of 1878, the clerks are required, within three days from the date of filing, to record, in a well-bound book, the pleadings in all suits instituted in the courts of which they are clerks, and, within three months after final judgment, to record the judgment or judgments which may be therein rendered. And section 475, Bev. St., further provides that:
“In case of appeal, it shall be their duty to record the pleadings and judgment as aforesaid, together with the judgment of the parish, district and appellate court, within sis months from the filing of the judgment. of the appellate court.”
By articles 617, 618, .619, 620, 623, Code Prae., it is provided that the execution of judgments belongs to the courts by which the causes have been tried in the first instance, whether they have been affirmed or reversed on appeal; that the appellate court must therefore, in either case, send the judgment to the inferior court, to be executed; that (article 619) “the judgment cannot even be executed until it has been recorded in the records of the inferior court which first had cognizance of the cause”; that (article 623) “ * * * the execution may be prayed for as soon as the judgment has been recorded in the inferior court to which the execution is remanded.” In that portion of the Code which regulates proceedings in the Supreme Court (part 2, title 2) there is also an article (915) which provides that:
“No execution shall issue on the judgments of the Supreme Court; but such judgments, whether confirming or reversing those appealed from, shall be sent back for the execution to the inferior court, and no mandate need be directed to the latter for that purpose.”
When, therefore, the execution of a judgment of the Supreme Court or of the Court of Appeal is required, a duly certified copy thereof must be “recorded, in the records” (as provided by Bev. St. § 475) “of the inferior court” (from which the case has been appealed). Amet v. Boyer and Sheriff, 42 La. Ann. 831, 8 South. 588.
In the instant case, although the execution of the judgment said to have been rendered by the Court of Appeal required the issuance of no writ, it was nevertheless necessary for plaintiff’s purposes that it should be executed; since otherwise the suspensive appeal from the judgment dissolving the injunction (which judgment it affirmed) would continue in operation, and plaintiff’s action for damages for the wrongful issuance of the injunction would not lie. It was therefore not only necessary that the judgment of the Court of Appeal should have been sent to the district court, but it should have been there *511 recorded whereupon and whereby it would have obtained the only execution needed or of which it was susceptible. It is true that the objection that- it was not recorded has not been set up, and if it had been shown that such judgment had been rendered, and that a certified copy had been filed in the district court we should probably have presumed, in the absence of evidence to the contrary, that the clerk had performed his duty in that respect. But, as we have seen, no such showing was made. The opinion and decree, prepared and signed in chambers by one of the judges of the Court of Appeal, did not prove it, nor was it proved by the alleged excerpt from the minutes of that court, since the excerpt was not certified by the clerk of the Court of Appeal, nor was it otherwise shown to be what it purports to be. There is nothing under title 2 of the Code of Practice, or elsewhere, which requires that the members of this court or of the Court of Appeal, shall sign either their reasons for judgment or the judgments predicated on such reasons, nor yet that they shall sign the minutes of their courts. Code Prac. art. 909, provides that:
“The Supreme Court shall state the reasons of its judgments, by citing, as exactly as possible, the laws on which it founds its opinion. When the judges are all of the same opinion, it shall be sufficient that one of the number pronounce the judgment, but if there be division between them, they shall declare their opinions separately.”
And (agreeably to the provision of the Constitution which has been quoted) the same rule applies to the Courts of Appeal. But article 910 of the Code provides that:
“All the judgments, or orders, rendered by the Supreme Court shall be recorded at length, by the Clerk, in records kept for that purpose.”
And the clerk accordingly records all judgments and orders in a record known as the “minute book,” and records the reasons for judgment, as also the (final) judgments themselves, in another record, similar to that required by Rev. St. § 474 (as re-enacted), to be kept by the clerks of the district courts, and commonly known as the judicial record. It is, no doubt, the function of the court to see that the clerk discharges his duty, and the minutes are accordingly read in its presence, and approved by it (or ordered to be corrected, as the case may be), from day to day, but the keeping of the minutes — that is to say, the entering upon the record of the orders and judgments of the court — devolves upon the clerk, who, by his signature, attests his own work; and so we assume it is with the Court of Appeal. The rule in the common-law jurisdictions upon the subject of the effect of the failure of the clerk to enter a judgment is stated as follows, to wit:
“As between the parties, a judgment duly rendered is valid and effective, although not entered; that is, the neglect or failure of the Clerk to make a proper entry of the judgment, or his defective or inaccurate entry of it, will not deprive it of the force of a judicial decision, still a judgment is not complete and perfect, for all purposes, until it has been duly entered.” 23 Cyc. p. 836.
“The decisions of all courts must be preserved in writing, in some record provided for that purpose. The reason for this does not lie in the fact that the entry is necessary to the completion of the judgment, for a judgment is as final when pronounced by the Court as when entered and recorded by the Clerk, and the entire failure to make up the record will not, necessarily, affect the parties interested. The entry of the judgment is, however, as will be seen, essential not only to its admission in evidence, but, also-, as a prerequisite to subsequent acts of the Clerk, such as making up the judgment roll and docketing and indexing the judgments. • * * In order that a 'judgment may be admitted as evidence in another action, it is absolutely necessary that it should first have been entered of record.” 18 Enc. of PI. & Pr. p. 438 et seq.
Without undertaking to determine whether the rule thus stated is to be accepted in Louisiana, as a whole, we have no doubt that the proposition that, “in order that a judgment may be admitted as evidence in another action, it is absolutely necessary that it should first have been entered of record,” is well founded under our system, *513 since the provisions of law which have been quoted contemplate, and the jurisprudence of this court holds, that the judicial acts of courts of record shall be evidenced by the record alone. State v. Lougineau, 6 La. Ann. 700; State v. Smith, 12 La. Ann. 349.
It is, of course, important that the clerks charged with the duty of entering upon minute books the proceedings of such courts should identify their work and attest its correctness by their signatures, but there are no specific provisions in the law of this state requiring it, or from which it could be deduced that the effect or validity of an entry upon such book would be impaired by reason of the absence of such signature, save that it might be more difficult to establish its genuineness. If, however, the entry is not signed in the book when made that circumstance does not disqualify the clerk from thereafter identifying it as a minute of the court’s action, and certifying to the correctness of copies thereof made by him or under his direction.
For the reasons thus assigned, we conclude that the judge a quo was correct in holding that, as plaintiff failed to show that the injunction, for the alleged wrongful issuance of which he seeks to recover damages, had been dissolved, his action is under existing conditions unauthorized.
The judgment appealed from is therefore affirmed.