————————O————————

## 5369.

(Court of Appeal, Parish of Orleans).

## STATE OF LOUISIANA, EX REL. CHAS. MALLU vs. JUDGE OF DIVISION "D." OF THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

Under Act 313 of 1908 the delay for a suspensive appeal consists of twenty-four hours, said delay running from the moment said judgment is announced or rendered and not from the time of the signing thereof. Application for writ of mandamus denied.

Alexis Brian and Foster, Milling, Brain and & Saal, for relator.

Catesby Jones, for Respondent.

The Court certified the questions arising herein to the Supreme Court for instructions and the facts and issues are fully set out in said certificate which is as follows:

"To the Honorable the Chief Justice, and Associate Justices of the Supreme Court of the State of Louisiana:

"Pursuant to Article 101 of the Constitution, we desire to certify to your Honors the question of law arising in this case for your instructions as to the proper decision to be made."

## Statement of Facts.

"Upon a rule instituted in the Civil District Court of the Parish of Orleans, under Act 313 of 1908, by a landlord to eject his tenant and after the matter had been tried and submitted in open court, the trial judge thereupon announced at 10:50 A. M., o'clock on Monday, May 15, 1911, that said rule was made absolute. As late as 12:00 o'clock noon of Tuesday, May 16, 1911, the judgment on said rule had not been written out or signed, the only evidence of said judgment or ruling consisting of the entry on the minutes of said court (not signed by the judge), to the effect that said rule had been made absolute; and there is no evidence to show at what time prior to said hour of noon, Tuesday, May 16, 1911, said minute entry had been made.

"On Tuesday, May 16, 1911, at 11:57 A. M., respondent in rule presented to said judge a motion for a suspensive appeal from said ruling and was prepared to furnish bond in support thereof as required by law, but the judge declined to allow a suspensive appeal on the ground that 'the rule having been made absolute on Monday, May 15, at 10:50 A. M., and the motion for appeal having been presented to me at 11:57 A. M., on Tuesday, May 16th. after a lapse of twenty-four hours, the appeal herein is refused.'

"Thereupon the respondent in rule (relator here) has applied to this, the Court of Appeal, Parish of

Orleans, for a writ of mandamus to compel the lower court to grant a suspensive appeal, and the sole question presented is whether or not the application for said appeal was timely presented and should have been granted.

## II

"(1) The relator contends that there is no such thing in our law as an oral judgment; that the judgment was not in fact 'rendered' until it was entered of record in the minutes; that there is nothing to show that the minute entry of the judge's oral ruling was made more than twenty-four hours prior to the time when he applied for a suspensive appeal; and that as the law favors an appeal the presumption is that the appeal was filed in time and that the minute entry was made within twenty-four hours of the application. In support of this proposition he cites the following cases; .State vs. Lougineau, 6 An. 700; State vs. Smith, 12 An. 349; State vs. Marionneaux, 120 La. 455; Thomas vs. Goodwin, 120 La. 504.

"(2) Relator further contends that even if the court should hold that a judgment is rendered when it is orally announced by the court, then that he is entitled to a full day from the time of said announcement to take his appeal and that in computing said delay the day upon which the judgment is rendered is not to be counted. On this point relator cites Article 318 of the Code of Practice and the citations thereunder.

## III

"To the contention of relator, that a judgment is not rendered until entered on the minutes the respondent in this court replies that there is no rela-

tion between the rendition of the judgment and its entry or record; and that even if an entry is essential to the taking effect of the judgment that such entry relates back to the time when the judgment was orally announced. And furthermore, respondent contends that if any presumption whatever exists, it is to the effect that the entry was made co-incidently with the announcement of the judgment.

"(2) To the contention of relator that he is entitled to a delay of a full day without counting the day upon which the judgment was announced or rendered, the respondent replies that the delay is computed by hours and not by days and cites in support thereof the case of **Audubon Hotel Co., vs. Braunig, 119 La. 1070,** as well as Act 313 of 1908, and Revised Statutes 2157.

## IV

"There is a further contention on the part of the relator to the effect that the delay for an appeal does not begin to run until the judgment is signed; but the respondent contends that a contrary view was expressed in the **Audubon Hotel case,** above cited. On the other hand, the relator contends that the principles announced in the **Audubon Hotel case,** supra, insofar as applicable to the present controversy are **obiter dicta.**

"Considering the foregoing, we will request an answer to the following questions:

"(1) Does the delay for an appeal under Act 313 of 1908, begin to run from the time a judgment is orally announced, or from the time the minute entry thereof is made?

"(2) If said delay begins from the time the minute entry thereof is made, does the presumption as to the time of said entry run in favor of relator's

appeal as above contended or is it to be presumed that said entry was made co-incidently with the announcement of said judgment?

"(3) Does relator's delay for taking his appeal consist of twenty-four hours from the moment said judgment was orally announced or entered, or does said delay consist of a full day without counting the day upon which said announcement or entry was made?

"(4) Does a judgment of ouster under said act require the signature of the judge and if it does, does the delay for an appeal run from the time of such signature?"

In the opinion handed down on June 5, 1911, the proceedings bearing the No. 18,900, the Supreme Court, seting upon this certificate, submitted its replies, fully set-forth in said opinion, which is made part hereof by reference.

This court's appreciation thereof is to the effect that the twenty-four hours' delay for appealing from a judgment of ouster runs from the moment it is orally rendered and not from the time of the signature thereof. Consequently the application for a suspensive appeal having been made more than twenty-four after the rendition of the judgment, it was made too late and was properly refused by the judge of the lower court.

It is accordingly ordered that the rule **nisi** be recalled and relator's application dismissed at his costs.