(69 South. 766)

No. 21361.

## WHEELER v. BRITTON.

(May 24, 1915. On the Merits, June 29, 1915. Rehearing Denied Oct. 18, 1915.)

*(Syllabus by the Court.)*

### On Motion to Rescind, etc.

1. APPEAL AND ERROR ☞810 — SETTING OF CASE—PREFERENCE DOCKET.

An appellee has the right to file the transcript of appeal in this court before the return day and to have the case put on the preference docket if it belongs there.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3191–3194; Dec. Dig. ☞ 810.]

### On the Merits.

*(Syllabus by Editorial Staff.)*

2. DIVORCE ☞68—SEPARATION FROM BED AND BOARD—COMMENCEMENT OF SUIT—COMPUTATION OF PERIOD.

The one year prescribed by Civ. Code, art. 139, providing that no divorce shall be granted unless a judgment in separation from bed and board shall have been rendered and one year shall have expired from date of the judgment, and no reconciliation shall have taken place, began to run from the date of the refusal of a rehearing in the Supreme Court of Louisiana, rather than from the date of the dismissal of a writ of error by the Supreme Court of the United States for want of jurisdiction, where such writ was granted without supersedeas.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 233; Dec. Dig. ☞68.]

3. DIVORCE ☞68—SEPARATION FROM BED AND BOARD—COMMENCEMENT OF ACTION—COMPUTATION OF PERIOD—FINAL JUDGMENT.

That a judgment of separation from bed and board cannot be executed until it is recorded in the lower court does not preclude the one-year period prescribed by Civ. Code, art. 139, within which a divorce may be granted from beginning to run from the date of the final determination of the case in the Supreme Court of the state, though writ of error is taken to the Supreme Court of the United States; the question being, not when the judgment can be executed, but when it becomes final.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 233; Dec. Dig. ☞68.]

4. DIVORCE ☞78—SEPARATION FROM BED AND BOARD—CITATION—POSTING—NECESSITY.

That the citation in a suit for divorce, reading, "To B., wife of W., through T., curator ad hoc," and served on the curator ad hoc, was not posted at the courthouse door, did not render it defective.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 256, 257; Dec. Dig. ☞78.]

5. APPEAL AND ERROR ☞1046 — HARMLESS ERROR—REASSIGNMENT OF CASE.

Where the curator ad hoc for defendant in a divorce suit was engaged in the trial of a case in another court when the case was called for trial on its first assignment, the fact that it was reassigned for the next day, instead of for a date two weeks hence, did not require a reversal, even if in disregard of the court's rules, where it did not appear that defendant was harmed thereby.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. ☞1046.]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Augustin B. Wheeler against Eliza M. Britton, his wife. From a judgment for plaintiff, defendant appeals, and moves to rescind order fixing case for trial by preference. Motion denied, and judgment affirmed.

See, also, 134 La. 63, 63 South. 624.

Delvaille H. Théard and Charles Louque, both of New Orleans, for appellant. Denegre, Leovy & Chaffe, of New Orleans, for appellee.

### On Motion of Appellant to Rescind the Order Fixing the Case for Trial by Preference, etc.

O'NIELL, J. A judgment of divorce was rendered in the district court in favor of the plaintiff and against the defendant on the 22d and was signed on the 26th of March, 1915. On the 20th of April the defendant, through her curator ad hoc, asked for and obtained an order for an appeal, which was made returnable to this court on the 24th of May, 1915. The appeal bond was filed 'on the 20th; and on the 23d of April the curator ad hoc, on behalf of the defendant, appellant, filed in the district court his instructions to the clerk for the preparation of the transcript of appeal. The transcript was completed

according to the appellant's instructions and certified to by the clerk of court on the 6th, and was filed in this court on the 7th of May, 1915. On that day, on motion of the appellee's counsel, the case was ordered put upon the preference docket and assigned for hearing on the 28th of May.

[1] The curator ad hoc of the appellant appeared in court on the 10th of May and asked to have the order assigning the case for trial by preference rescinded, and to have the transcript stricken and expunged from the records of this court. He alleges in his motion that the transcript of appeal has not yet been filed in this court by the appellant, but that the appellee has filed a "copy of certain documents in the case" and is treating the same as a transcript of appeal.

Counsel for the appellee admit that they obtained from the clerk of the civil district court and filed in this court the triplicate copies of the transcript of appeal.

Article 590 of the Code of Practice provides:

"If the appellee prefers to have judgment on the appeal, he may obtain a copy of the record from the lower court, and bring it up to the appellate court, and may pray for judgment or for the dismissal of the appeal, in the same manner as if the record had been brought up by the appellant."

In the case of Barbarin v. Armstrong, 2 La. 208, the transcript of appeal was brought up by the clerk of the trial court, and the appellee, in answer to the appeal, prayed that the judgment be affirmed, and for damages for a frivolous appeal. The appellant contended that the judgment could not be affirmed because the record had not been filed by the appellant nor by the appellee. It appears that:

"The appellant's counsel desired the clerk of this court not to receive it, nor to enter it on the docket."

It was said:

"The appellee was duly cited, and his counsel, finding a copy of the record in the clerk's office, might well avail himself of it, and move for the affirmation of the judgment. Code of Practice, 530 (meaning 590). We do not see any utility in his procuring a second copy. 'Lex neminem cogit ad vana seu inutilia peragenda.' "

In State ex rel. Duffel v. Marks, 30 La. Ann. 70, it was said:

"Any interested person may bring up the record of an appeal from the lower court and deposit in the hands of the clerk of the Supreme Court."

The requirement that the return day shall be fixed in the order of appeal does not mean that the transcript of appeal shall not be filed before the return day. The return day only marks the limit of time within which the record shall be filed in the appellate court. It may be filed at any time before the return day, without prejudice to the appellee's right to move to dismiss the appeal. Ross v. Naff, 130 La. 590, 58 South. 348; State ex rel. Marrero v. Patterson, 134 La. 875, 64 South. 805.

The language quoted from the opinion in Abraham v. Wallenberg, 130 La. Ann. 1096, 58 South. 895, in appellant's brief, has no application to the question presented in this case. It was said there incidentally that the functions of the clerk of the district court, in the matter of appeals from that court, are limited to the preparation of the transcript and its delivery to the appellant, and that it is the appellant who must return the same into the appellate court on the return day. But these expressions did not mean that the transcript may not be filed in the appellate court before the return day, either by the appellant or by the appellee. What was meant and said was that it was not the duty of the clerk of the district court to file the transcript in the appellate court.

This court had jurisdiction of the present appeal at the time the order was rendered, putting the case on the preference docket and assigning it for argument. In fact, this court acquired jurisdiction of the appeal as

soon as the appeal bond was filed in the civil district court. Pemberton v. Zacharie, 4 La. 205; Barrow v. Clack, 45 La. Ann. 478, 12 South. 631; Crichton v. Webb Press Co., 107 La. 87, 31 South. 648; Robertson v. Goldsmith, 128 La. 1019, 55 South. 660.

The learned curator of the absent appellant does not suggest that he cannot be prepared to argue or submit the case on the 28th of May, or that the fixing of the case for trial on that early date was prejudicial to the appellant. The only relief asked for is that the transcript of appeal be stricken and expunged from the records of this court, and that the order setting the case for trial be rescinded.

The purpose of the appellee's counsel in filing the transcript as soon as it was prepared, and in having the case put upon the preference docket, where it belongs, manifestly was to have the appeal disposed of at this term of court, which would not have been possible otherwise.

The appellant's motion to strike out and expunge the transcript of appeal from the records of this court and to have the order fixing the case for trial rescinded is denied.

MONROE, C. J., takes no part.

### On the Merits.

PROVOSTY, J.    [2] Plaintiff obtained a judgment of separation from bed and board which became final in this court, by the refusal of a rehearing, on December 15, 1913. A writ of error to the Supreme Court of the United States was granted by the Chief Justice of this court from that judgment, but without supersedeas; and the Supreme Court of the United States dismissed the writ for want of jurisdiction.

One year after the refusal of the rehearing in this court, but less than one year after the dismissal of the writ of error, plaintiff instituted the present suit for a final divorce.

Article 139, C. C., provides that, except in certain specified cases, of which the present is not one, no divorce shall be granted—

"unless a judgment of separation from bed and board shall have been rendered between the parties, and one year shall have expired from the date of the judgment of separation from bed and board, and no reconciliation shall have taken place."

Question arises whether this delay of one year began to run in this case from the date of the refusal of the rehearing in this court or from the date of the dismissal of the writ of error by the Supreme Court of the United States.

In Hill v. Hill, 114 La. 117, 38 South. 77, this court held that the said article of the Code contemplates a judgment final and executory, and that a judgment from which a suspensive appeal has been taken is not of that character. The question in the present case is as to whether a writ of error without supersedeas deprives a judgment of the highest court of a state of its final character.

Whatever might be the effect of such a writ in a case in which the Supreme Court of the United States has jurisdiction, we are clear that in a case where that court has no jurisdiction the finality of the judgment is not affected; necessarily so, since there is no order of supersedeas, and no jurisdiction to review.

But it is argued that the intention of the statute is that the parties should have one year for reflection after the litigation between them has terminated, terminated in the sense of the contest in the courts having come to an end, and that this does not happen so long as the litigation is being, in fact, prosecuted, though, by reason of the absence of jurisdiction, not legally so.

We will not say that this argument has not a good deal of force; but the statute merely

says that the delay shall run from the date the judgment becomes final; and, in a case wherein a supersedeas has not been, in fact, granted, the judgment of the Supreme Court of a state, when not subject to review, unquestionably becomes final from the date a rehearing is refused.

[3] Again, it is argued that the delay should run only from the date the decree of this court is recorded in the lower court, because a judgment of this court cannot be executed until so recorded. Thomas v. Goodwin, 120 La. 504, 45 South. 406.

The answer is that the question before us is not as to when the said judgment could be executed, but as to when it became final.

[4] The citation of the defendant is said to have been defective, in that it was not posted at the courthouse door. The citation in this case was addressed as follows:

"To Eliza M. Britton, Wife of Augustin B. Wheeler, through Delvaille Théard, Curator ad Hoc."

And it was served on the curator ad hoc. We are referred to no law requiring such a citation to be posted at the courthouse door, and know of none. The manner of citation in the present case was the same as in the original suit, where it was held to have been regular. Wheeler v. Britton, 134 La. 63, 63 South. 624.

[5] The curator ad hoc complains that, he having been engaged in the trial of another case in another court when the case was called up for trial on its first assignment, the reassignment should, under the rules of court, have been for a day two weeks hence, and not for the next day, as was done. No suggestion is made of any harm having come to defendant from this disregard of the rules, if disregard there was, and hence no good ground is shown for setting aside the judgment.

Judgment affirmed, at defendant's cost.