154 So. 729

## STALLINGS v. STALLINGS.

### No. 32755.

April 23, 1934.

See, also, 177 La. 488, 148 So. 687.

McCloskey & Benedict, of New Orleans, for appellant.

Charles J. Theard and Delvaille H. Theard, both of New Orleans, for appellee.

LAND, Justice.

A judgment of separation from bed and board was rendered in the lower court in favor of Mrs. Andrew Jackson Stallings on December 8, 1931, and was signed December 14, 1931, and no appeal was taken.

On February 16, 1933, a year and sixty-four days thereafter, defendant filed a peti-

tion for a divorce under the provisions of Act No. 56 of 1932, alleging the rendition of the judgment of separation and that no reconciliation had taken place between the parties.

After various exceptions pleaded and answer filed by Mrs. Stallings, the case was tried, and judgment was rendered in favor of Andrew Jackson Stallings, decreeing a divorce between them and condemning Mrs. Stallings to pay the costs. From this judgment, she has appealed.

1. Mrs. Stallings filed an answer admitting that decree of separation had been rendered and that no reconciliation had taken place, but, on the trial of the case, counsel for Mr. Stallings adduced independent evidence as to the decree of separation having been granted and as to no reconciliation having taken place.

In the answer filed by Mrs. Stallings, she also charges that Mr. Stallings has come into court with unclean hands, and with the intent to make the court an instrument to enable him to commit a felony under article 161 of the Civil Code, as his alleged purpose in obtaining the divorce is to violate this article by intermarrying with his paramour and thereby commit the crime of bigamy.

Mrs. Stallings also obtained a commission to take the testimony of a witness in the state of Kentucky in support of the averments of her answer.

Counsel for Mr. Stallings filed a motion to strike out these averments in the answer as impertinent, irrelevant, and immaterial and also as scandalous and improper.

An exception was also filed by counsel for Mr. Stallings to the application by Mrs. Stallings for the commission to take testimony, on the ground that the answers of the witness would be impertinent, immaterial, and irrelevant and without any conceivable bearing on the issues for an absolute divorce in the present case, and prayed that the order for the commission be recalled and rescinded as illegal, improper, and improvidently granted.

The motion to strike out was sustained by the trial judge, and the order for the issuance of the commission to take testimony was recalled and set aside by him.

When this case was before this court the first time, we held that Act No. 56 of 1932 operated retrospectively and that Mr. Stallings' petition for a final divorce had been properly brought and disclosed a cause of action. The case was remanded to the lower court, Stallings v. Stallings, 177 La. 488, 148 So. 687.

The present suit for divorce is based on two very narrow issues, namely, the previous rendition of a judgment for separation from bed and board, and the lack of reconciliation during the statutory period.

Mrs. Stallings does not deny the rendition or question the validity of the judgment of separation from bed and board, and she admits that there has been no reconciliation, a fact also proved in the case by independent evidence.

Under these circumstances, the right of Mr. Stallings to a judgment of final divorce, after the lapse of the period fixed by law, is absolute.

As held in Tortorich v. Maestri, 146 La. 124, 125, 83 So. 431: "In a suit for final divorce

by defendant against whom a judgment of separation from bed and board has been rendered, an inquiry into the grounds upon which the first judgment was based or into the subsequent conduct of the defendant is wholly irrelevant; the relevant facts being that a judgment of separation from bed and board was rendered, that two years (now one year and sixty days under Act 56 of 1932) have elapsed from the date upon which it became final, that no judgment of divorce has been obtained by plaintiff, and that there has been no reconciliation."

See, also, Roberts v. Roberts, 149 La. 862, 90 So. 223.

"Impertinences are * * * any matters not pertinent or relevant to the points, which, in the particular stage of the proceedings, in which the cause then is, can properly come before the court for decision. If the cause is at issue upon a general answer, purporting to be to the merits, any matter not going to the merits is properly to be deemed an impertinence." Wood v. Mann, 30 Fed. Cas. pages 447, 451, No. 17,952.

"If the matter * * * can have any influence whatever in the decision of the suit, either as to the subject-matter of the controversy, the particular relief to be given, or as to the costs, it is not impertinent." Wilmington & W. R. Co. v. Board of R. R. Com'rs (C. C.) 90 F. 33, 34.

■ Mrs. Stallings' averments in her answer as to what Mr. Stallings intended to do after he obtained his divorce, or as to his motive in asking for a divorce, to which he was absolutely entitled, did not go to the merits of the case, and were wholly immaterial and unnecessary to the matter in hand.

"The right of a person to institute a lawsuit is not dependent on or affected by the motive which prompts him in the exercise of his right." Welsh v. Board of Levee Commissioners, 168 La. 1037, 123 So. 705.

"The imputation of an illegal motive for doing an act authorized by law discloses no cause of action, since, by authorizing the act, the law places the motive beyond inquiry." Jones et al. v. Jones et al., 119 La. 677, 44 So. 429.

■ The case is a peculiar one in that Mrs. Stallings, in her answer, admits all of the allegations of her husband's petition that are necessary to entitle him to a divorce, but resists a decree in his favor on the sole ground that his motive in obtaining the divorce is an improper one.

This so-called special defense is predicated upon matters wholly immaterial and irrelevant, and the commission issued in this case is for the sole purpose of obtaining testimony as to such immaterial and irrelevant matters. Even if the commission had been executed and returned, and the motion to strike out her special defense had been overruled, the depositions of the witness in Kentucky would be totally inadmissible, when offered on the trial of the case.

Since Mrs. Stallings could not obtain the relief for which she prays, should the judgment be reversed and the case remanded, it appears that the action of the trial judge in sustaining the motion to strike out, and in rescinding the order for the commission, was harmless error, if error at all.

This court has said on more than one occasion that: "Not every error will furnish sufficient ground for setting aside a judgment and requiring a case to be tried over again. There must be prejudice to the appellant, and the prejudice must be such as cannot be remedied on the appeal, but only by another trial." New Orleans Terminal Co. v. Teller, 113 La. 733, 735, 736, 37 So. 624, 625, 2 Ann. Cas. 127, and numerous cases therein cited.

■ 2. Counsel for Mrs. Stallings contends that the fixing of this case in this court is null, as the transcript was lodged here by appellee and the motion to fix the case was filed in this court by appellee before the return day fixed by the lower judge and before the transcript was lodged here by appellant.

■ The members of this court are of the opinion that articles 588, 589, and 590 of the Code of Practice merely give an appellee the right either to have execution issued, or to have the appeal brought up and disposed of by the appellate court, after the right of the appellant to bring up the appeal has expired.

■ But we are of the opinion also that, by necessary implication from these articles, the appellee has the right to bring up the transcript before the expiration of the return day, if he desires to have the case heard summarily, and if the case is one which is entitled to a summary hearing. That is, substantially if not exactly, what we decided in Wheeler v. Britton, 137 La. 975, 69 So. 766, and in Hough v. Standard Oil Co.[1]

In the latter case we went over the proposition a second time, and with utmost deliberation, unanimously and in terms, affirmed the ruling in Wheeler v. Britton. We are not convinced yet that the ruling was wrong, even though no reference was made to articles 588 and 589 of the Code of Practice.

The Court of Appeal for the parish of Orleans has also held that an appellee has the right to file the transcript of appeal in the appellate court before the return day and to have the case put on the preference docket, if it properly belongs there. Ferro v. Bouche, No. 7253, Court of Appeal, Parish of Orleans [see Louisiana and Southern Digest]; Fred. Franz v. A. Levitan Furniture Co., No. 8424, Court of Appeal, Parish of Orleans [see Louisiana and Southern Digest].

■ An appeal in a suit for divorce is a summary matter, entitled to preferential assignment for argument in the Supreme Court of Louisiana. Rule 9, section 3, of the Supreme Court of Louisiana; Act No. 15 of 1880 of the Legislature of Louisiana.

It is the settled doctrine of this court and of the Courts of Appeal of this state that the appellee may obtain a transcript of appeal from the clerk of the trial court, and file it any time previous to the return day and have the case put on the preference docket, if it is one entitled to a summary hearing and it is desired to have the case heard summarily.

Judgment affirmed.

ST. PAUL, J., absent.

---

[1] Writs of certiorari, prohibition and mandamus denied, because ruling of Court of Appeal is correct. 137 La. 975, 69 So. 766.