154 So.2d 604 (1963)
Harris JONES, Plaintiff-Appellant,
v.
Mabel FLOYD, Defendant-Appellee.
No. 873.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1963.
Bean & Rush, by Warren D. Rush, Lafayette, for plaintiff-appellant.
*605 Piccione & Piccione, by Joseph J. Piccione, Lafayette, for defendant-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
The plaintiff husband brings this suit for divorce on the ground that he and his wife have lived separate and apart without reconciliation for a period exceeding one year and sixty days following a previous judgment of separation. LSA-R.S. 9:302. The defendant wife reconvenes, praying the divorce be rendered in her favor on the ground of the husband's adultery following the judicial separation.
The trial court rendered judgment in favor of the wife on her reconventional demand, granting her a divorce on the ground of the husband's adultery.
The husband appeals, alleging that he is entitled to the divorce instead on the ground alleged in his petition. The defendant wife answers the appeal, praying for an affirmance of the judgment of divorce in her favor and, further, for an increase in the amount of alimony awarded for the support of herself and the minor children of the marriage.
The principal issue, then, is whether the plaintiff husband's right to obtain the final divorce on the ground alleged in his petitionnamely, non-reconciliation for the requisite time following a judgment of judicial separation, should have been recognized by the trial court, in preference to the prayer for the final divorce on the ground of adultery asserted by the wife's reconventional demand.
It is conceded that, since the wife obtained the judgment of separation, the wife's right to the custody of the children and to alimony for herself and the children is the same if the divorce is granted on either ground. See, e. g., LSA-R.S. 9:302, quoted at Footnote 1 below. The principal practical difference in effect is that the husband may not, when a divorce has been rendered on account of his adultery, thereafter legally marry his accomplice in adultery. LSA-Civil Code Article 161.
The record shows that the wife had in 1961 obtained a judgment of judicial separation on the ground of the husband's desertion. There being no reconciliation between the spouses and the wife having failed to file suit for a final divorce, the plaintiff husband himself seeks a final divorce by the present action.
By this suit the husband prays for a final divorce upon the cause of action granted him by LSA-R.S. 9:302, which pertinently provides:
"When there has been no reconciliation between the spouses for a period of one year or more from the date the judgment of separation from bed and board became final, the spouse who obtained this judgment may sue for and obtain a judgment of absolute divorce. If no such divorce action is instituted within a year and sixty days from the date the judgment of separation from bed and board became final, the other spouse may sue for and obtain a judgment of absolute divorce. * * *"[1] (Italics ours.)
At the trial, the plaintiff husband first proved that there had been no reconciliation subsequent to the judgment of separation obtained by the wife some sixteen months before he filed the present suit for divorce, *606 during which interval the wife herself had never filed suit for final divorce. When the defendant wife then attempted to educe testimony of the husband's adultery, his attorney objected to same and then moved that the judgment of final divorce be granted to the husband under LSA-R.S. 9:302, since the uncontradicted evidence (as well as his wife's admissions in her answer and on the witness stand) proved that there had been no reconciliation following the judgment of separation from bed and board.
The trial court stated that the plaintiff had sufficiently proved his case for the divorce based on the prior judicial separation, but the court further felt that, unless furnished with authority to the contrary, it must hear evidence on the wife's reconventional demand for the divorce on the ground of adultery.
The only legal authority called to the attention of our trial brother at the time was jurisprudence under Article 375 of the now-repealed Code of Practice of 1870, which held that a reconventional demand was not permitted under the present circumstances, since it was not regarded as necessarily connected with or incidental to the main demand as required by the code article. See, e. g., Dowie v. Becker, 149 La. 160, 88 So. 777; see also 13 La.L.Rev. 310 (1953) and 9 La.L.Rev. 239 (1949). Our trial brother properly regarded such jurisprudence as no longer applicable, because Article 1061 of the new LSA Code of Civil Procedure of 1960 now permits a defendant to assert by reconventional demand any cause of action he may have against the plaintiff, regardless of connexity.
The trial court therefore overruled the plaintiff husband's objection. Evidence was admitted proving the husband's adultery with a named accomplice after the judgment of separation.
The trial court then rendered the judgment of final divorce in favor of the wife on her reconventional demand, which was based on the husband's adultery. As previously noted, the husband by his appeal contends that instead the trial court should have awarded the husband the judgment for the final divorce on the statutory ground asserted by his petition based upon the non-reconciliation for the requisite period of time following the finality of the judicial separation.
The plaintiff-appellant's position is sustained by the Supreme Court's decision in Tortorich v. Maestri, 146 La. 124, 83 So. 431, which unfortunately was not called to the attention of our trial brother prior to judgment below. Therein, in a situation identical to the present, our Supreme Court held that the husband was entitled as of right to a judgment of divorce upon proof of non-reconciliation for the requisite period of time following the judicial separation, where his wife (with the prior right under the statute to obtain a divorce) had not filed suit for divorce prior to him; and the court further affirmed the dismissal, after such showing, of the wife's reconventional demand for adultery.
The holding in this decision, unlike those in the cases cited to the trial court, was not based upon the now-repealed Code of Practice Article 375, nor so far as we can ascertain has it been affected by the enactment of the new Code of Civil Procedure or by any subsequent decisions. See also: August v. Blache, 200 La. 1029, 9 So.2d 402; Stallings v. Stallings, 179 La. 663, 154 So. 729; Roberts v. Roberts, 149 La. 862, 90 So. 223; Raymond v. Carrano, 112 La. 869, 36 So. 787.
Thus, as we apprehend the rationale of Tortorich v. Maestri, after suit for divorce under LSA-R.S. 9:302 has been filed, both parties cannot obtain the divorce; either one party or the other has the right to do so. In the exercise of the cause of action under this statute for divorce following a judgment of separation, if the party who obtained the separation judgment has not therefore filed suit for divorce after expiration of the year following finality of the separation, the other spouse (the party *607 against whom the separation judgment was rendered) has the absolute rightafter the expiration of the longer period of one year and sixty daysto sue for and to obtain a final divorce on the statutory ground that there has been no reconciliation during such period and thereafter.
Because of this, and because all of the interests of the spouse who obtained the separation are protected just as if such spouse had obtained the divorce (see Footnote 1 above), a reconventional demand by such spouse praying for a divorce on another ground, including adultery, is regarded as stating no cause of action.
The statute in question thus contemplates that the spouse with the prior right to obtain the final divorce may nevertheless waive the right to do so. In the event of such waiver by the first spouse, the other spouse is entitled to sue for and to obtain the divorce on the statutory ground. The first spouse may not then defeat the principal demand of the other spouse's suit by asserting a reconventional demand for the divorce on another ground; for, if the reconventional demand were allowed, this in effect will annul the right to obtain the final divorce created by the statute in favor of the other spouse upon the first spouse's waiver of a prior right to do so.
In summary, the first spouse by such reconventional demand cannot defeat the other spouse's statutory right to obtain the divorce which accrued upon the first spouse's waiver. To hear evidence upon such a reconventional demand, while it might satisfy the desire of one spouse to humiliate the other, will consume the time of the court in taking testimony upon a point totally irrelevant to the action and based upon which no legal relief can be afforded.
In the present case, the husband proved that he is entitled to a divorce because he and his wife had lived separate and apart for more than one year and sixty days following the judicial separation, and because his wife (in favor of whom the separation was rendered) had not herself instituted suit for final divorce prior to his own timely suit.
The plaintiff husband was therefore entitled to a judgment of final divorce on such ground, LSA-R.S. 9:302, and he was further entitled to have dismissed the defendant wife's reconventional demand for divorce on another ground, Tortorich v. Maestri, cited above. (Although the husband did not himself file an exception of no cause of action to the wife's reconventional demand, the trial or the appellate court on its own motion may recognize the failure of the wife's reconventional demand to disclose a cause of action. LSA-C.C.P. Arts. 927, 1034.) His objection to any testimony concerning his adultery should have been sustained, as the evidence was totally irrelevant to this action. See August v. Blache, Stallings v. Stallings, Roberts v. Roberts, Tortorich v. Maestri, Raymond v. Carrano, cited above.
In argument to the trial court, able counsel for the defendant wife argued that the wife had a legitimate interest in obtaining the judgment on the ground of adultery, in order to prevent her husband from marrying his paramour and thus possibly diminishing the inheritance of her own children of the first marriage because of any legitimate offspring of any second marriage. However, as noted in the Tortorich case, the law does not contemplate that the spouse at fault in the dissolution of one marriage be "forever denied the privilege of contracting another", 83 So. 434. Although we ourselves might personally deplore the instability of marriages and the facility of remarriage sometimes instanced in modern society, nevertheless, under the law of Louisiana which we must apply, the wife has no legally recognized interest to defeat her husband's right to remarry following a divorce to which he is entitled by law upon a ground other than adultery.
By answer to the appeal, the defendant-appellee wife requests that the alimony *608 awarded to her for support of herself and her three children be increased from the $195 awarded by the trial court.
The defendant-wife has indeed proved that the amount awarded is insufficient for support of herself and her three children. On the other hand, if she were awarded what she needed, remaining from the husband's take-home pay of $450 would be an amount insufficient for his own subsistence and basic needs. The trial court was thus faced with the sad but often true situation that the husband's salary, which was sufficient to maintain one household respectably, was not large enough to sustain both the family household and the husband's own necessary expenses living separate from his family.
Under these circumstances, the trial court is afforded discretion in the award of alimony for the support of the necessitous wife, LSA-Civil Code Article 160. "In the exercise of this discretionary power * * *, the court must assess the basic maintenance needs of the wife against the ability of the husband to pay, taking into consideration all the circumstances of each individual case," Harris v. Harris, La.App. 3 Cir., 127 So.2d 747, 749-750; LSA-Civil Code Article 231. We find no abuse herein of the trial court's discretion in the amount of the present alimony award under all the circumstances reflected by this record, recognizing also that it has the discretionary power to increase the alimony should the wife's financial position worsen or the husband's earnings increase.
For the reasons assigned, the trial court judgment is reversed insofar as it allowed the defendant wife judgment of divorce on her reconventional demand; it is further ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiff, Harris Jones, and against the defendant, Mabel Floyd, decreeing an absolute divorce and forever dissolving the bonds of matrimony previously existing between them. In all other respects, including the custody, visitation, alimony and costs provisions, the judgment of the trial court is affirmed. The defendant-appellee is taxed with the costs of this appeal.
Reversed in part and rendered; affirmed in part.
NOTES
[1] The remainder of the enactment provides:

"When a judgment of divorce is obtained by the husband against whom the judgment of separation from bed and board was rendered, the wife has the same rights to recover alimony as if she had obtained the divorce.
"The provisions of this section do not affect in any way the right of the spouse who obtained the judgment of separation from bed and board to retain the custody and care of the children, as provided by law."