SAMUEL, Judge.
The litigants in this suit were married to each other and divorced. One child was born of the marriage, a son who reached the age of 19 years in September, 1971. After various earlier judgments Mr. Mc-Neill was paying to his former wife alimony at the rate of $150 per month plus child support in the same amount. On July 15, *892 1971 Mrs. McNeill filed a rule against her former husband for an increase in child support. On August 19, 1971, following a hearing on that rule, judgment was rendered increasing the child support payments from $150 to $200 per month. Mr. McNeill has appealed from that judgment.
In this court appellant makes two contentions: (1) At the hearing of the rule for an increase in child support no evidence was taken showing a change in circumstances and therefore[1] the increase granted was improper; and (2) under Act 98 of 1972 [2] appellant is not liable for any child support because his son was 18 years of age.
The first contention is without merit. Shortly before the filing of the rule for an increase in child support appellant had filed another rule to eliminate payment of alimony to Mrs. McNeill on the ground she was not then in necessitous circumstances. A hearing on that prior rule was held on July 9, 1971 and resulted in a judgment which released appellant from any liability to pay any alimony to Mrs. McNeill. By stipulation between counsel for both litigants the rule involved in this appeal, for an increase in child support, was submitted for adjudication on the testimony taken at the July 9, 1971 hearing.
A substantial part of that July 9, 1971 testimony was concerned with the expenses involved in the support and education of the son who was then attending college. It establishes the fact that those expenses exceeded the $150 monthly support payments and an increase of payments to $200 per month was justified. Mr. McNeill does not complain that his means do not justify payment of $200 per month, especially in view of the fact that the $150 monthly alimony payments were discontinued.
Regarding appellant’s second contention, it does appear there may be validity to the claim that Act 98 of 1972 extinguishes the father’s obligation to support his children after they have reached the age of 18 years, particularly as regards education,[3] to the same extent that such obligation was extinguished when the child reached the age of 21 years under our law prior to Act 98 of 1972. However, we feel the question presented by the second contention is not properly before us. Act 98 of 1972 had not been passed by the Legislature when the judgment herein appealed from was rendered and other considerations conceivably could play a part in the determination of the question even after the act became effective. The contention properly should be made in a rule filed by Mr. McNeill to eliminate or decrease the child support he is now required to pay.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Citing Brown v. Harris, 225 La. 320, 72 So.2d 746 and Jones v. Floyd, La.App., 154 So.2d 604.

. Inter alia the act, which amends and reenacts LSA-C.C. Art. 37, reads:
“Persons of the age of eighteen years shall be considered of full age, and until they attain that age shall be minors. Persons eighteen years of age or older shall be regarded as being fully emancipated, shall be considered adults and shall have the same rights, duties, responsibilities and capacities as persons who are twenty-one years of age or older.”

.See LSA-C.C. Arts. 227 and 230.