SCHOTT, Judge.
Plaintiff wife obtained a judgment of separation against defendant on March 2, 1970. On September 2, 1970, the husband obtained a divorce in Mexico in proceedings where the wife made an appearance through an attorney in fact and submitted to the jurisdiction of the foreign *147 court. On June 11, 1971, there was filed in the original proceedings for the separation in the Civil District Court a motion and order reading as follows:
CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA
NO: 488-981 DIVISION “A” DOCKET 5
DOROTHY SELLERS GRICE
VS
JOSEPH L. GRICE
¡DEPUTY CLERK
MOTION
ON JOINT MOTION of Dorothy Sellers, divorced wife of/and Joseph L. Grice, and on suggesting to the Court that the parties having been now divorced and desiring to adjust the alimony following divorce, amicably,
And on further suggesting to the Court that the movers desire the Court to enter an order commanding Joseph L. Grice to pay to Dorothy Sellers, his divorced wife, the sum of $500.00 per month as alimony for her support and maintenance,
IT IS ORDERED BY THE COURT that Joseph L. Grice be and he is hereby ordered to pay to Dorothy Sellers, his divorced wife, the sum of $500.00 per month as alimony for her support and maintenance.
NEW ORLEANS, LOUISIANA, this 11th day of June, 1970.
s/ Thomas A. Early, JUDGE.
APPROVED AND SUBMITTED:
s/ Dorothy Sellers Grice
DOROTHY SELLERS, GRICE, PLAINTIFF.
s/ Thomas A. Early,
FLOYD J. REED, J. D.
ATTORNEY FOR DOROTHY SELLERS GRICE.
s/ Joseph L. Grice
JOSEPH L. GRICE, DEFENDANT.
s/' Louis A. DiRosa
LOUIS A. DiROSA
ATTORNEY FOR JOSEPH L. GRICE.
On November 16, 1971, the wife filed a “MOTION FOR CONTEMPT TO MAKE PAST DUE ALIMONY EXECUTORY AND FOR INCREASE” in which she sought to enforce the judgment of June 11, 1971. The husband responded with peremptory exceptions of no right and no cause of action. Reserving his rights under the exceptions the husband also filed a rule to decrease alimony. The trial judge overruled the exceptions of the husband, made the wife’s rule executory insofar as the *148 amount of past due alimony was fixed at $2750.00 and dismissed the rules for contempt, increase in alimony and decrease in alimony. From these judgments the husband has appealed and the wife answered the appeal, renewing her claim for an increase in alimony in this Court.
The husband contends that the motion which led to the filing of the judgment on June 11, 1971, was in fact signed by the parties before their Mexican divorce. He argues that the document constitutes an agreement which is void and unenforceable under the provisions of LSA-C.C. Art. 1790 and Russo v. Russo, 205 La. 852, 18 So.2d 318. The husband does not dispute the fact that the trial judge signed the order on June 11, 1971, but he insists that the document was signed by the parties before he obtained his Mexican divorce and in conjunction with the signing of various other papers at the time that the Mexican divorce was being prepared. However, the trial judge, considering the language of the document itself which on its face purports to have been signed after the parties were divorced, held accordingly and with that determination we are in agreement. Timely objection to the husband’s testimony to the effect that he signed this document before the divorce was made by the wife’s attorney, and such testimony was clearly inadmissible to alter the terms of that document pursuant to LSA-C.C. Art. 2276. Therefore, we consider the motion and order complained of to have been signed by these parties subsequent to their Mexican divorce, submitted to the Court as a joint motion by them on June 11, 1971, and acted upon by the judge on that date. The more important question is what if any effect flows from that joint motion and order under the law.
The wife’s substantive rights to alimony after the final divorce are provided by LSA-C.C. Art. 160 which is as follows:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.”
None of the conditions enumerated in the article is applicable to the instant matter. Condition 3 is not applicable because here the wife voluntarily submitted herself to the jurisdiction of the Mexican Court and consequently she is not within the category of the wife against whom a divorce has been obtained in another country which had no jurisdiction over her person.
Clearly, the question of the right of the wife to alimony after a divorce addresses itself to the Court’s jurisdiction over the subject matter as provided for in LSA-C.C.P. Art. 2. Except for the enactment of the legislative will as found in C.C. Art. 160 there would be no legal right or remedy available to a wife to seek alimony after a divorce, and Art. 160 alone provides the power and authority to the court to award alimony to a divorced wife under certain circumstances and provided certain conditions are met by the parties. Pursuant to LSA-C.C.P. Art. 3, the jurisdiction of a court over the subject matter cannot be conferred by consent of the parties so that the judgment in this case awarding alimony to the wife would seem to be void and unenforceable by her.
*149 However, at the trial of the rule to make that alimony executory the husband testified that he made payments of $500.00 per month for July, August and September, and $250.00 on the first of October, for a total of $1750.00. His actions bring into focus the provisions of LSA-C.C.P. Arts. 2002 and 2003 which provide as follows:
“Art. 2002.
A final judgment shall be annulled if it is rendered:
[[Image here]]
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
“Art. 2003.
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.”
In Dupuis v. Patin, 155 So.2d 768 (La.App. 3rd Cir. 1963) the Court considered a husband’s contention that the wife could not make past alimony executory for the reason that there had been no personal jurisdiction over the husband at the time the alimony decree was originally rendered. In disposing of his contentions the Court held as follows:
“Although counsel herein have not raised the issue, we think defendant is now unable to attack the alimony judgment either by direct action or collaterally because he has acquiesced therein. LSA-C.C.P. Art. 2003 provides that ‘A defendant who voluntarily acquiesced in the judgment * * *, may not annul the judgment on any of the grounds enumerated in Article 2002.’ (The grounds in Article 2002 are vices of form including lack of proper process.) The defendant herein has acquiesced by paying the full amount of the judgment, i. e., $176.40 per month for almost two years and then continuing partial payments thereafter.”
Similarly, in the instant case counsel have not raised the issue but the result must be the same as in the cited case. The husband has voluntarily acquiesced in the judgment of June 11, 1971, by making payments for the first three and a half months thereafter and he is now prevented by Article 2003 from attacking the judgment either by direct action or collaterally. Therefore the trial judge correctly overruled the husband’s exceptions and made past due alimony executory in the amount of $2750.00.
The husband’s contentions in this Court, 1) that he is entitled to an adjudication of the question of fault before he can be compelled to pay alimony under Art. 160; 2) the motion and order of June 11, 1971, should not have been filed in the separation suit because that action had abated with the obtaining of the Mexican divorce in September, 1970; and 3) that this case is to be governed by the decision in Starkey v. Starkey, 209 So.2d 593 (La.App. 1st Cir. 1968) are all to no avail.
 The question of fault was effectively disposed of in the motion of June 11, 1971, which recited as its basis that the parties desired “to adjust the alimony following divorce, amicably” constituting a judicial stipulation in settlement of the question of fault. As to the right of the parties to file the motion in the separation proceedings, it is common practice to file suit for final divorce after judgment of separation in those separation proceedings. Even though the separation proceedings abate with the judgment of divorce, any pleadings thereafter filed to modify provisions incorporated in the divorce judgment are all filed under the old number and style originally assigned to the action for *150 separation. Similarly, the filing of the instant pleadings to make alimony execu-tory and to modify the judgment of June 11, 1971, in the original separation case is merely a technical or administrative matter which can hardly be said to affect anyone’s substantive rights. Finally, the Starkey case is inapposite. It turned on an interpretation of C.C. Art. 160 before its amendment by Act 48 of 1964, and, more importantly, there was no question there about the husband’s acquiescence in the judgment as we have here with the corresponding implementation of LSA-C.C.P. Art. 2003.
The remaining question for our consideration is whether the trial judge correctly dismissed the rules by the husband and wife to decrease and increase alimony respectively. The only issue to be considered is whether either side was able to prove a change in the circumstances from the time of the signing of the judgment setting the alimony at $500.00 per month until the date when the rule appealed from was tried on February 11, 1972, so as to warrant such a reduction or an increase. McNeill v. McNeill, 223 So.2d 709 (La.App. 4th Cir. 1969).
In a motion to change the amount of alimony the burden is on the party seeking the change to show that there has been a change in the circumstances so as to warrant relief from the Court. While there was much testimony concerning the needs of the wife and the means and income of the husband, a review of the record does not disclose that either the husband or the wife has borne the burden of proof imposed upon such a party to support a change, and consequently the judgment of the trial court dismissing the rules was correct.
Accordingly, the judgments appealed from are affirmed with the appellant, Joseph L. Grice, to pay the costs of this appeal.
Affirmed.