308 So.2d 302 (1975)
William C. WEBSTER
v.
Audrey L. WEBSTER.
No. 10124.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
Rehearing Denied March 10, 1975.
*303 James A. Piper, Baton Rouge, for appellant.
Frank A. Fertitta, Baton Rouge, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
BLANCHE, Judge.
Plaintiff-appellant, William C. Webster, appeals from a judgment of The Family Court, Parish of East Baton Rouge, awarding Audrey L. Webster, defendant-appellee, permanent alimony of $50 per month during the nine winter months when she works as a school crosswalk lady and the sum of $150 per month during the three summer months when she is not so employed, and child support of $150 per month for the minor child, Robert Webster.
On December 13, 1963, defendant filed suit in The Family Court, Parish of East *304 Baton Rouge, seeking a separation from bed and board from the plaintiff and also seeking the custody of their minor children, Kenneth, David and Robert Webster. She alleged that the habitual and almost continuous cruel treatment, outrages and excesses of her husband rendered their living together impossible and insupportable. Among other things, she alleged her husband struck her with blows of great physical force; verbally abused her by referring to her in vulgar, filthy and uncomplimentary terms; failed to provide funds with which to operate the household and clothe the minor children; and absented himself during the greater portion of each weekend without informing her of his whereabouts. After hearing the evidence adduced on behalf of each of the said parties. The Family Court rendered judgment on December 15, 1964, in favor of the defendant herein, Audrey L. Webster, and against the plaintiff herein, William C. Webster. In conjunction therewith, the plaintiff herein was ordered to pay temporary alimony and child support amounting to $200 per month, in semi-monthly payments of $100 each.
On June 30, 1965, six months after the separation decree, plaintiff was awarded a divorce from defendant by the Chancery Court of Union County, Arkansas; however, he continued to pay the $200 temporary alimony and child support until the present time.
Some eight years after the separation, on July 27, 1973, plaintiff petitioned The Family Court, Parish of East Baton Rouge, to have the Arkansas divorce decree recognized in Louisiana and accorded full faith and credit.," as required by the United States Constitution, and in the alternative, to be awarded a divorce on grounds of voluntary separation in fact for a period in excess of two years.
On August 24, 1973, defendant answered plaintiff's petition, requesting that it be dismissed at his cost and further asking that a divorce be granted in her favor. By reconventional demand, she sought the permanent care, custody and control of the minor child, Robert Webster, and permanent alimony and child support in the sum of $300 monthly.
On May 17, 1974, the Arkansas divorce was granted full faith and credit. Predicated upon a stipulation of counsel, the judgment which recognized appellant's Arkansas divorce also provided:
"* * * it being recognized that the Arkansas decree of fault shall not constitute evidence of fault of such a nature as to deprive defendant from claiming alimony on the issue as the issue is to be determined by the laws of the State of Louisiana and predicated upon the plaintiff being able to have the Court review the issue of alimony and the child support in these proceedings at a later date." (Record, p. 13)
Also on May 17, 1974, plaintiff submitted a "Motion to Reduce" the 1964 award of $200 per month temporary alimony and child support. He alleged defendant was not free from fault when the parties initially separated, and, therefore, under Louisiana law, she was not entitled to permanent alimony. Alternatively, plaintiff claimed relief from alimony payments to defendant on the ground that defendant had sufficient means for her own support. In addition, plaintiff prayed for cessation of alimony payments to the children, Kenneth and David, who had attained the age of majority.
On June 6, 1974, after trial was held on the Motion to Reduce, judgment was signed relieving plaintiff of further support of Kenneth and David Webster; Audrey L. Webster was granted the permanent care, control and custody of the minor, Robert Webster, subject to reasonable visitation rights of the plaintiff; and plaintiff was ordered to pay $150 per month for the maintenance and support of the minor child, Robert Webster. Additionally, in response to defendant's reconventional demand, plaintiff was ordered to pay defendant alimony of $150 per month *305 annually during June, July and August and $50 per month annually during the months of September through May, said support and alimony payments to be made in two equal monthly installments. From this judgment, plaintiff appealed.
The trial judge obviously awarded the defendant permanent alimony under the authority of LSA-C.C. Art. 160(3)[1]. Regarding the wife's freedom from fault, which is a requirement of Article 160, we note that even though the husband in the instant case had obtained a divorce from the wife in Arkansas, counsel for both parties stipulated that the wife's right to permanent alimony in the instant case would not be construed to be disturbed or abandoned by the effect of such decree. In effect, counsel for both parties stipulated that Mrs. Webster's fault in her claim for permanent alimony under Article 160 was to be determined in the instant proceeding and was in no way dependent upon the Arkansas divorce which was granted to the husband. In view of the foregoing stipulation, we think the trial judge was correct in proceeding to determine the wife's right to permanent alimony in accordance with Louisiana law. Concerning the question of the wife's fault, the trial judge in his reasons stated:
"* * * [S]ince the record shows that she initially obtained the judgment of separation on the ground of cruel treatment the wife makes out a prima facie case of her right to permanent alimony, if necessary, and the burden of proof then shifts to the husband to go forward with evidence to prove to the court by a preponderance of the evidence that the wife was guilty of conduct which contributed to the breakdown of the marriage." (Record, p. 51)
The trial court then found that the plaintiff failed to bear the burden of proof as to the fault issue and held that Mrs. Webster was entitled to prove her entitlement to permanent alimony.
The plaintiff-husband contends the trial judge erred on the merits of this case by determining that the wife was not at fault in the breakdown of the marriage and, therefore, was entitled to permanent alimony under Louisiana Civil Code Article 160. He argues that the error resulted from the judge incorrectly placing the burden upon him to show the wife's fault, rather than upon her to show her freedom from such fault.
Defendant-wife, on the other hand, contends the trial judge was correct in finding her free from fault and, in addition, she asserts that the recent Louisiana Supreme Court case of Fulmer v. Fulmer, 301 So.2d 622 (1974), precludes a relitigation of fault for purposes of Article 160 in all cases where the question has been determined in a prior separation suit. Relying upon Fulmer, she reasons that since her freedom from fault was determined in the prior separation suit between her and her husband, the husband is precluded from raising the issue again in the instant proceeding. The answer to whether the Court should have heard evidence as to the wife's fault in the instant case, as suggested by counsel, is found in the Fulmer case.
In Fulmer, the Court discussed in detail the implications of a determination of the wife's fault in a prior separation suit and the impact of that determination upon her right to claim permanent alimony post-divorce under Article 160. In holding that a determination of fault need not be relitigated where the permanent alimony is sought under the authority of LSA-C.C. *306 Art. 160(2)[2], Fulmer did not change the basic rule that the right of the wife to permanent alimony after divorce is always dependent upon a finding that she is free of fault contributing to the breakdown of the marriage. The Court simply acknowledged that there are times when the fault determination in a prior separation suit between the parties seeking the divorce also serves as the determination of the wife's fault for the purpose of awarding her permanent alimony under Article 160. Even though Fulmer was concerned primarily with permanent alimony awarded pursuant to a divorce obtained under LSA-R.S. 9:301[3] or R.S. 9:302[4], the facts of the instant case are, nevertheless, governed by its rationale. We reach this conclusion by consideration of two facts. In the instant case (1) there has been a fault determination in the prior separation suit, and (2) by stipulation of counsel, the recognition of the Arkansas divorce decree did not establish a presumption of a post-separation fault on the wife's part, but instead left that question to be determined in accordance with Louisiana law. With these facts in mind, the following quotation from Fulmer establishes that the trial court was precluded from relitigating the wife's fault in the instant case:
"* * * Where the wife obtains a judicial separation on the ground of her husband's fault, such judicial determination of the husband's pre-separation fault as the sole legal cause of the separation cannot be re-examined in a subsequent suit for divorce grounded on the statutory ground, La.R.S. 9:302, of the spouses' non-reconciliation for a specified period after a judgment of separation. In this respect, the judicial determination is conclusive whether, as here, determined after a contested hearing or, as in August v. Blache, upon confirmation of a judgment by default. See also, Comment, Relitigation of Fault in a Divorce Proceeding, 14 Loyola L.Rev. 261 (1968).
* * * * * *
"* * * A judgment of separation in favor of the wife is a judicial determination of the marital fault which caused the judicial separation. As to the pre-separation fault, it should constitute a conclusive determination which equally bars re-litigation of the issue of fault, when alimony is sought under Article 160, whether the divorce is based either on La.R.S. 9:301 or on 9:302. It should equally bar the husband or the wife from re-litigating such issue.
"Thus, where a judicial separation is decreed as caused by the fault of one spouse or the other, such fault is judicially determined to be the cause of the separation is normally determinative of the issue of whether the husband or the wife is or is not at fault, for purposes of deciding whether the wife is entitled to alimony under Article 160. Such a conclusion is, of course, not applicable if the divorce is sought for post-separation fault, such as adultery; for the sole effect of the separation judgment is a conclusive adjudication as to which spouse's pre-separation fault primarily caused the separation." (Fulmer v. Fulmer, 301 So.2d 622, 628-629)
*307 We interpret the foregoing to mean that once a wife's freedom from fault has been determined in a separation proceeding, the only issue concerning fault of the wife in a subsequent divorce proceeding is whether the wife has been guilty of fault subsequent to the decree of separation. In such instances, it is incumbent upon the husband to establish the wife's fault subsequent to the separation decree.
As noted above, the parties have stipulated that the Arkansas decree granting appellant a divorce on the ground of defendant's desertion, although entitled to full faith and credit in this proceeding, is not to be construed as implying fault of defendant's part, and the matter of alimony is to be determined in the light of the laws of this state. In substance, the parties have stipulated that the effect of the Arkansas decree is limited to the status of the marriage.
In view of August v. Blache, 200 La. 1029, 9 So.2d 402 (1942), defendant wife's separation decree conclusively establishes her freedom from fault until the date of said judgment. In this subsequent contest over the wife's right to permanent alimony pursuant to the recognition of the Arkansas divorce decree, the burden therefore, rested upon appellant to establish fault on the part of defendant subsequent to the separation decree. Fulmer v. Fulmer, above. The evidence introduced by appellant to establish fault on the part of defendant pertains solely to defendant's pre-separation conduct. Appellant offered no testimony whatsoever concerning postseparation fault on the part of defendant. Appellant, having failed to show post-separation fault on the part of defendant, the trial court properly found defendant free of fault and entitled to permanent alimony under LSA-C.C. Art. 160.
Appellant's next contention is that The Family Court judge erred by considering as res nova the instant proceeding to determine the quantum of permanent alimony and child support. He contends this proceeding was an attempt to change an existing award under the prior separation judgment. But the recognition of the Arkansas divorce abated the prior Louisiana separation proceeding and all incidents thereto, including the judgment for alimony and child support. Starkey v. Starkey, 209 So.2d 593 (La.App. 1st Cir. 1968); Kennedy v. Kennedy, 261 So.2d 657 (La. App. 4th Cir. 1972); Hampson v. Hampson, 271 So.2d 898 (La.App. 2d Cir. 1973). Therefore, because the provisions of the separation decree were abated by the recognition of the Arkansas divorce, a new determination of quantum for custody, child support and alimony by the trial judge was entirely proper.
For the same reasons, appellant's next contention that the wife did not show a change of circumstance so as to justify a modification of quantum is without merit. The quantum determination was res nova because it was a determination of permanent alimony and child support and not a modification of the temporary award under the separation decree which was abated by the Arkansas decree. Change of circumstance could only be used to modify an already existing award, and, therefore, has no application in the instant case.
Appellant's final contention is that the defendant is not entitled to alimony. He points out that in the community property settlement the defendant-wife received $4,850 cash, bonds worth $650, and an unencumbered house worth approximately $9,500. In view of this, he argues she is not entitled to alimony because she has "sufficient means for her support," in effect contending that the wife should be required to exhaust the funds she received in the settlement before she is entitled to alimony. Accordingly, he asks that the trial court alimony award of $50 during the nine months when she works and the award of $150 during the three summer months when she does not work be set aside.
Judge Ayres in Procell v. Procell, 226 So.2d 590 (La.App. 2d Cir. 1969), summarized the law in this area when he said:

*308 "We recognize the rule that an award of alimony assessed against a husband for the maintenance of his former spouse is within the sound discretion of the trial court and should not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Lockwood v. Lockwood, 175 So.2d 313 (La.App., 2d Cir. 1965). The jurisprudence is likewise well settled to the effect that a wife is not required to deplete the entire sum received from the community in order to be entitled to permanent alimony. Loe v. Loe, 131 So.2d 106 (La.App., 2d Cir. 1961). However, alimony is in the nature of a pension and is calculated at an amount that will provide a wife with sufficient means for her maintenance. By maintenance is meant primarily food, shelter, and clothing, and the amount is determined by the facts and circumstances of each case within the limits prescribed by LSA-C.C. Art. 160 and as dictated by the sound discretion of the trial court. Rader v. Rader, 126 So.2d 189 (La.App., 4th Cir. 1961)." (Procell v. Procell, 226 So.2d 590, 591)
The wife is not required to spend the entire sum received in the property settlement, and, therefore, the remaining question is whether or not the award was an abuse of the discretion of the trial judge.
Of the three elements of maintenance, i. e., food, shelter and clothing, the defendant-wife cannot show a need for shelter. The property settlement granted her title to the house in which she and her minor son now live. Concerning the remaining two elements, food and clothing, we note that the wife received $5,500 in liquid assets in the form of cash and matured bonds. We see no reason why she should not be required to deplete the liquid assets she received in the settlement to provide her own food and clothing. This Court is required to consider all the assets available to a wife, both principal and income, in determining a wife's entitlement to alimony. Fellows v. Fellows, 267 So.2d 572 (La.App. 3rd Cir. 1972); Worley v. Worley, 247 So.2d 254 (La.App. 3rd Cir. 1971).
In Montz v. Montz, 253 La. 897, 221 So. 2d 40 (1969), the Court found an unemployed wife who owned property with a net value of approximately $30,000 was not entitled to alimony. In Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954), an unemployed wife earned $150 per month, received $7,315.01 in the property settlement, and also had $6,600 on deposit in a building and loan association earning $16.50 per month. The Court found she was not entitled to alimony because she had sufficient means for her maintenance. In Rabun v. Rabun, 232 La. 1004, 95 So.2d 635 (1957), the wife was employed at approximately $125 per month and received the following from the community property settlement: cash on deposit, $3,705.47; a house valued at $13,000 but subject to a mortgage indebtedness of $8,123.23 which she assumed; household furniture and fixtures; a 1951 Studebaker automobile. She also assumed a $2,500 promissory note of her husband. All of her assets totaled approximately $11,000 net and the Court held she had sufficient means.
The wife's financial situation in the instant case is very similar to that found in Montz, Brown and Rabun. She earns $150 per month for nine months of the year, at trial had $3,300 in liquid assets, consisting of $2,650 in cash and $650 in matured bonds, an unencumbered house worth $9,500 and household furnishings, giving her assets totaling approximately $12,800 net. We do not think the cited jurisprudence allows an award of alimony to the wife in the instant case. The house has provided for the wife's shelter; and the liquid assets, until they are all consumed, should be used to provide her food and clothing. This, of course, does not prevent her from petitioning the court at a later date when her liquid assets have been depleted or upon some other change of circumstances, but until such occurs, she has sufficient means for her own support.
*309 For the foregoing reasons, we find the judgment of The Family Court in determining the wife's freedom from fault so as to entitle her to alimony, if needed, is affirmed. It is further ordered that the judgment of The Family Court ordering the plaintiff, William C. Webster, to pay unto the defendant, Audrey L. Webster, the sum of $150 per month annually during the months of June, July and August and $50 per month annually during the months of September through May is hereby recalled and set aside.
The appellant is cast with all costs of this proceeding.
Affirmed in part, reversed in part and rendered.
NOTES
[1] LSA-C.C. Art. 160, in pertinent part, provides:

"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
* * * * * *
"3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person."
[2] The pertinent part of LSA-C.C. Art. 160 reads as follows:

"2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time * * *."
[3] LSA-R.S. 9:301 provides:

"When the spouses have been living separate and apart continuously for a period of two years or more, either spouse may sue for and obtain a judgment of absolute divorce. As amended Acts 1960, No. 31, § 1."
[4] LSA-R.S. 9:302, in part, provides:

"Where there has been no reconciliation between the spouses for a period of one year or more from the date the judgment of separation from bed and board was signed, the spouse who obtained this judgment may sue for and obtain a judgment of absolute divorce. * * *"