ELLIS, Judge:
Plaintiff Blanche E. Everett was granted a separation from defendant James Floyd Everett on February 8, 1951, at which time plaintiff was awarded $100.00 per month as alimony and child support. On March 22, 1957, child support payments were discontinued, and Mr. Everett was ordered to pay $50.00 per month in alimony to plaintiff. On August 19, 1971, defendant moved to have the alimony payments discontinued on the ground that he had been forced to retire due to ill health, and that plaintiff was in good health and gainfully employed. Plaintiff reconvened for an increase. On January 28, 1972, judgment was signed refusing both the main and reconventional demands, and continuing in effect the alimony of $50.00 per month.
On May 8, 1975, Mr. Everett once again filed a rule to discontinue the alimony, alleging that the surgical removal of his right lung because of lung cancer prevented him from maintaining the employment necessary in order for him to comply with the alimony judgment. He further alleged that Mrs. Everett is no longer in necessitous circumstances because she earns $425.00 per month, and owns immovable property valued at over $20,000.-00.
On October 21, 1975, the trial court rendered judgment recalling and dismissing defendant’s rule, from which judgment defendant has appealed.
The trial judge’s reasons for judgment are as follows:
“James Floyd Everett filed this rule to terminate permanent alimony in the amount of $50.00 a month which has been awarded to his former wife in a judgment read and signed on March 22, 1957. In 1971, Mr. Everett filed a similar rule, and on January 28, 1972, judgment was read and signed ordering him to continue paying the sum previously fixed.
“Mrs. Everett owns a modest unencumbered home on a three and one-half acre tract where she has resided for approximately thirty years. She is employed at Our Lady of the Lake hospital with a net pay every two weeks of $165.96. She also has liquid assets in the form of savings and checking accounts amounting to approximately $2,500.00.
“Mr. Everett is retired, but has an income of approximately $730.00 a month from Social Security, retirement benefits and other sources. His present wife is employed, earning a gross salary of $650.00 a month. They own their home, which is subject to a mortgage, and have other assets.
“In 1971, when Mr. Everett previously attempted to terminate the payments, his income was $579.00 a month, and his present wife was earning $515.00 a month. Mr. Everett contends that there has been a change in circumstances in that he is now in ill health. However, the record reveals that most, if not all, of his medical expenses are covered by insurance.
“It is incumbent upon Mr. Everett to prove a change in his circumstances or *513 in the former Mrs. Everett’s to an extent that termination of the alimony payments is warranted. Bernhardt v. Bernhardt, La., 283 So.2d 226; O’Brien v. O’Brien [La.App.], 308 So.2d 333. After considering all of the evidence this Court concludes that there was no substantial evidence relative to change in the financial circumstances of either party of a nature to justify termination of the nominal alimony award previously made.
“Mr. Everett further contends that his former wife should be compelled to completely exhaust her liquid assets, relying upon Webster v. Webster [La.App.], 308 So.2d 302. However, this Court is of the opinion that this case is more analogous to Bryant v. Bryant [La.App.], 310 So.2d 648, and that since this is the later case from the same Court of Appeal, it should control.
“Accordingly, judgment is rendered and will be signed recalling, vacating and setting aside the rule nisi issued herein.”
We would also point out that Mrs. Everett testified that she needed $409.97 for her maintenance. Her net salary, plus the $50.00 per month alimony, plus reasonable interest on her savings still falls short of that amount. We do not believe that she should be forced to deplete her modest estate, when to do so would only increase the burden on her husband in the near future. We find that Mrs. Everett does not have sufficient means for her support, and is in necessitous circumstances within the meaning of Article 160 of the Civil Code.
The judgment appealed from is therefore affirmed, at Mr. Everett’s cost.
AFFIRMED.