340 So.2d 676 (1976)
Betty Daigle, wife of Richard Felix TRAHAN
v.
Richard Felix TRAHAN.
No. 7713.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1976.
Graffagnino & Perez, Lester J. Waldmann, Metairie, for plaintiff-appellant.
Cabral, Daniel & Merlino, Harry R. Cabral, Jr., Metairie, for defendant-appellee.
Before GULOTTA, STOULIG and BEER, JJ.
STOULIG, Judge.
Appellant, Mrs. Betty Trahan, has appealed a judgment decreeing her at fault in the dissolution of her marriage to Richard *677 Trahan. She contends, inter alia, the trial judge erred in hearing evidence in support of appellee's post-divorce petition to determine fault because her freedom from fault had previously been adjudicated in a default judgment of separation from bed and board and could not be relitigated.
Initially, Mrs. Trahan filed suit for separation a mensa et thoro alleging abandonment and cruel treatment. On October 30, 1972, her petition was granted by a default judgment of separation. On September 17, 1973, she filed suit for divorce on the ground of adultery. On January 4, 1974, with the first divorce action still pending, appellant filed an R.S. 9:302 divorce action based on having lived separate and apart from her husband without reconciliation for a year after rendition of her judgment of separation.
After having the cases consolidated, appellee pleaded the exception of lis pendens to the adultery action and answered the R.S. 9:302 suit with a general denial. On April 15, 1974, appellant was awarded a judgment of divorce on the no-fault petition and both litigants agreed to pretermit the question of fault and by consent this stipulation was made part of the judgment:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that by consent of the parties herein, the question of fault between the parties is pretermitted at this time."
On May 6, 1974, appellee filed a "Petition to Determine Fault". Appellant filed a general denial to the averments of fault and invoked the doctrine of judicial estoppel based on the Supreme Court decisions in August v. Blache, 200 La. 1029, 9 So.2d 402 (1942), and Fulmer v. Fulmer, 301 So.2d 622 (La.1974).
Both cases hold the question of the wife's fault may not be relitigated after the marriage has been dissolved by an R.S. 9:302 action if the wife put the question of her husband's fault at issue in a petition for separation from bed and board and obtained a judgment either in an adversary proceeding or in confirming a default. (See Frederic v. Frederic, 302 So.2d 903 (La. 1974).
In overruling the plea of estoppel, the trial judge indicated his awareness of this jurisprudence, but concluded the consent judgment to pretermit the question of fault effectively reserved the husband's right to have the question of fault reconsidered. He reasoned, Fulmer notwithstanding, a consent judgment concerning alimony was as binding on the parties and had the same efficacy as one rendered after an adversary proceeding.
The cases he cited to support his conclusion are Grice v. Grice, 281 So.2d 145 (La. App. 4th Cir. 1973), and Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). Both of these cases hold consent judgments fixing alimony awards should be given the same effect as any other judgment, thus either spouse wishing to alter the award must establish a change in circumstances. These holdings are inapposite here. In Bernhardt and Grice, the parties entered into a valid agreement on a matter in which they had the legal right to contract and incorporated their agreement in a consent judgment. But in this case, the litigants cannot require the courts to relitigate a matter that has been previously adjudicated. The purpose of ruling the litigants are entitled to one hearing on the question of preseparation fault is to achieve judicial economy. In Fulmer the Court stated:
"Ultimately, as we will explain more fully, we reject or modify the second and third line of decisions, since we have concluded that the first position represents the correct interpretation of Article 160 that the judicial determination, in the separation proceeding, of the party at fault in the separation bars re-litigation, in the subsequent divorce proceeding, of the fault which caused the separation, when such need be determined for the purpose of awarding post-divorce alimony under the code article. We do so, as we will explain, on the basis of what we believe to be the legislative intent as deduced from the legislative history of the article.

*678 "We assume that the legislative choice is based on the judicial economy and consistency represented by having the separation-causing fault determined once and in the separation proceedings itself, rather than litigating (or re-litigating) it in the much later divorce proceedings where, with different testimony or less recent recollection, the separationcausing fault might even be determined contrary to that determined at an earlier well-tried and hotly-contested separation adjudication." 301 So.2d at 625.
The language of Fulmer is explicit. Relitigation of fault is barred. We do not think the litigants can contract to alter the Supreme Court's pronouncement on this point.
Even if we assumed arguendo they could, the agreement entered into is not binding. In written reasons for judgment the trial court indicated appellee relinquished his right to put fault at issue in the divorce proceeding because he was led by confusing jurisprudence from this court. Randle v. Gallagher, 169 So.2d 224 (La.App. 4th Cir. 1964), and Gamino v. Gamino, 199 So.2d 202 (La.App. 4th Cir. 1967), held fault could be relitigated in cases similar to this one, while Richardson v. Richardson, 275 So.2d 845 (La.App. 4th Cir. 1973), indicated otherwise.
We point out that at the time the consent judgment was entered, the Supreme Court's ruling in August v. Blache, supra, which was later reaffirmed by Fulmer, was controlling. Even if this circuit was confused, it cannot be disputed that August v. Blache, supra, was the law because, in the final analysis, the law is what the Supreme Court says it is. If the wife's consent to pretermit an issue which had previously been decided in her favor was based on confused jurisprudence, we can only conclude it was vitiated because it was based on an error of law. C.C. arts. 1819, 1820 and 1822 provide consent based on error is, in effect, no consent at all. C.C. art. 1823 provides that if an error of law is a principal factor in entering into the agreement, the error is sufficient to invalidate the agreement. In this case, we can only conclude an error of law prompted Mrs. Trahan to agree to relitigate an issue already decided in her favor. Accordingly, we conclude the plea of estoppel should have been maintained.
For the reasons assigned, the judgment appealed from is annulled at appellee's cost.
JUDGMENT ANNULLED.