BOUTALL, Judge.
Appellant, Arthur E. Steber, appeals a judgment of the trial court which dismissed appellant’s rule to terminate alimony. Appellant contends that: 1.) A prior fault determination in his favor in the separation proceeding barred relitigation of fault after divorce and thus precludes his ex-wife from recovering alimony after divorce and 2.) His ex-wife is not entitled to alimony after divorce because she has sufficient means for her support.
Because of the procedural posture of this case, it is necessary to set out a calendar of the proceedings leading to this appeal.
Appellee Mary Frederick Steber filed suit for separation on the grounds of cruel treatment and abandonment in November of 1972. Appellant answered that suit and filed a reconventional demand for separation on the grounds of the wife’s alleged abandonment. On March 11, 1973, judgment was rendered dismissing Mrs. Steber’s suit and granting a separation a mensa et thoro in favor of Mr. Steber on his recon-ventional demand.
On March 12, 1974, Mr. Steber filed suit for divorce based upon one year’s living apart after rendition of judgment of separation.[1] On May 15, 1974 he was granted judgment of divorce. Additionally, that judgment contained the following:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that counsel, having entered into a joint stipulation, reserve unto defendant, Mary Frederick Steber, the right to adjudicate fault as it relates to defendant’s rights of permanent alimony after divorce on June 25, 1974.”
* * * * * *
On August 19, 1974, the issue of the wife’s fault was tried. The court adjudicated the wife free from fault,[2] decreeing:
*317 “IT IS ORDERED, ADJUDGED AND DECREED that Arthur E. Steber be and he is hereby declared to have been at fault in the separation between him and his wife, and accordingly, judgment is hereby rendered in favor of Mary Frederick, wife of Arthur E. Steber and against Arthur E. Steber in the sum of $225.00 per month as alimony payment . . .”
Nineteen months subsequent to that judgment the appellant filed in June, 1976, the rule to terminate alimony which is now before us. Trial of that rule resulted in judgment of dismissal and the present appeal.
Appellant contends that the judgment of the trial court refusing to terminate alimony should be reversed in light of the pronouncement of the Supreme Court that a fault determination in the separation proceeding is normally determinative of fault for the purpose of deciding whether the wife is entitled to alimony after divorce. Fulmer v. Fulmer, 301 So.2d 622 (La.App.1974). Appellant also relies on this court’s holding in Trahan v. Trahan, La.App., 340 So.2d 676 (1976), for the proposition that relitigation of fault is barred by the principle of Fulmer and litigants cannot stipulate or contract to alter the effect of a prior fault adjudication.
While at first impression it would appear that this case is guided by Trahan, we note an important distinction between the Trahan case and this case. In Trahan, there was an appeal timely taken from the judgment of relitigated fault, and the issue was whether it was permissible to reliti-gate. However, in this case, there was no appeal taken from the judgment of reliti-gated fault, the delays have long since lapsed, and the judgment is definitive, having acquired the authority of a thing adjudged. C.C.P. 1842. Therefore, while we would say under the Trahan rule that the judgment was not proper, it is nonetheless now controlling between the parties. Although a judgment may be erroneous, when it becomes final, it is the law between the parties and is the property of the person in whose favor it was rendered. Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865 (1963). To hold otherwise would subject to appeal all similar cases where fault was relitigated even though the time and delays allowed for appeal have long since lapsed.
We now pass to the merits to determine if the trial court erred in dismissing the rule to terminate alimony.
The rule was brought to terminate because Mrs. Steber had received her share of the community and allegedly had liquid assets in excess of $20,000.00. At the trial of the rule, Mrs. Steber testified that she had but $13,000 in her possession and that her monthly expenses averaged approximately $1,200. No evidence was introduced to contradict this testimony.
In his reasons for judgment, the trial judge said:
“Since the division of the community, the wife has substantially depleted her only capital and the wife is not required to completely expend her capital assets before receiving alimony.”
We agree that the wife is not required to deplete the entire sum she received from the settlement of the community in order to be entitled to alimony after divorce, and we have so held previously in Mendoza v. Mendoza, La.App., 310 So.2d 154 (1975). Additionally, the trial judge has much discretion in fixing alimony, and his judgment will not be disturbed unless there is a clear showing of abuse of that discretion. Moore v. Moore, La.App., 256 So.2d 782 (1972). Our review of the record leads us to the conclusion that there is no clear showing of abuse of the trial judge’s discretion.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed.

AFFIRMED.

. LSA-R.S. 9:302.

. Minute entry of the district court for August 19, 1974.